UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FILTALERT CORPORATION,**
        Plaintiff,

v.

**INTERNATIONAL BUSINESS
MACHINES CORPORATION and
LENOVO (UNITED STATES) INC.,**
        Defendants.
_____/

Case No. 15-22845-CIV-GAYLES

## ORDER

Plaintiff Filtalert Corporation ("Filtalert") alleges in this patent infringement action that Defendants International Business Machines Corporation ("IBM") and Lenovo (United States) Inc. ("Lenovo") infringed U.S. Patent No. 6,620,222 (the "'222 patent"), which "is directed to a system and method for filtering air going into a computer." Compl. ¶ 1. Filtalert alleges that the Defendants infringed several claims of the '222 Patent through, *inter alia*, the use of the System X™ and BladeCenter™ products (the "Accused Products"), which Lenovo acquired from IBM in 2014. *Id.* ¶¶ 16-17; Defs.' Mot. at 2.

Before the Court is the Defendants' Joint Motion to Transfer Venue to the Eastern District of North Carolina, Filtalert's response in opposition thereto, and the Defendants' reply. For the reasons that follow, the motion to transfer venue is hereby GRANTED.

**I.    BACKGROUND**

The Defendants jointly filed the present Motion to Transfer Venue on October 8, 2015. In it, they request that the Court transfer this case to the U.S. District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1404(a). The Defendants argue that the Eastern District of North Carolina is a more convenient forum for all parties for several reasons, including that

(1) Defendant Lenovo's headquarters and primary operations relevant to the Accused Products are located in that District; (2) IBM has significant operations within that District; (3) Filtalert and the named inventor are located in Virginia, which is closer to that District; (4) documents related to the research, development, and sale of the Accused Products are located in that District; and (5) the "vast majority" of witnesses likely to have relevant knowledge are located in or near that District. Defs.' Mot. at 1.

Filtalert filed its response on November 7, 2015, arguing that it chose to litigate in the Southern District of Florida because, *inter alia*, all parties sell products here, both Defendants have major offices here, and this District has a reputation as being a comparatively speedy district. *See* Pl.'s Mot. at 7. Filtalert also contends that the Eastern District of North Carolina would be an unfair forum because of the vast presence both IBM and Lenovo have there as employers of a large number of the District's residents.

## II. DISCUSSION

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." This analysis requires a two-pronged inquiry. First, a court must determine whether the case may have been brought in the desired district of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). This question depends on whether IBM and Lenovo are subject to jurisdiction in North Carolina, whether venue is appropriate in the Eastern District of North Carolina, and whether IBM and Lenovo are amenable to service of process in North Carolina. *See id.* Because the parties do not dispute that this action could have been brought in the Eastern District of North Carolina, the Court turns to a discussion of the second prong.

"Once a court finds an action could have been brought in the transferee forum, the court must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (citation and internal quotation marks omitted). The Eleventh Circuit instructs that a district court should consider the following list, albeit nonexhaustive, of private and public interest factors to determine whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). The Court addresses these factors in turn.

### A. *Convenience of Witnesses*

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 239 (E.D.N.Y. 2006)) (internal quotation marks omitted). The U.S. Court of Appeals for the Federal Circuit has adopted the Fifth Circuit's "100 mile" rule, which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008)).

"The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1362 (S.D. Fla. 2001) (citation

3

omitted). When considering parties' proposed witnesses for purposes of an analysis of this factor, "the witnesses' actual knowledge relative to the instant dispute, and the location and convenience of the witnesses are important considerations." *Microspherix LLC v. Biocompatibles, Inc.*, No. 11-80813, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012).

The Defendants have identified Lenovo employees Paul Wormsbecher, David Jensen, and Brian Trumbo as having knowledge of relevant facts about the design, operation, and accused functionality of the Accused Products, and Antoine Johnson as a Lenovo employee having knowledge regarding the sales of the Accused Products. *See* Defs.' Mot. at 4. All of these employees are located in Morrisville, North Carolina, within the Eastern District of North Carolina. The Defendants also identified David A. Brown as an IBM employee with knowledge of pre-acquisition sales of the Accused Products; he is located at IBM's office at the Research Triangle Park in Durham, North Carolina, within the Eastern District of North Carolina. *Id.* In their reply, IBM identified several other witnesses as corporate representatives to testify on topics Filtalert identified as potential 30(b)(6) deposition topics: Mark Nyeck in Raleigh, North Carolina; Hance Huston in Fishkill, New York; Curtis Glover in Austin, Texas; and Vic Mahaney in Austin, Texas. Moreover, the Defendants have identified the named inventor's employer at the time he filed the application for the '222 patent; the prosecuting attorney; and inventors of prior art, each of whom resides closer to the Eastern District of North Carolina than to the Southern District of Florida. *See* Defs.' Mot. at 10; *see also* Brown Decl. ¶¶ 15-28.

In its opposition, Filtalert provided a list of seven LinkedIn profiles for the purposes of "show[ing] that people with relevant, material knowledge related to the conception, design, development, marketing, manufacturing, sales, and support for the Accused Products reside in Florida and outside of North Carolina." Pl.'s Opp'n at 15-16. The Defendants, however, attached

to their reply declarations from four of these individuals to show that they have no knowledge relevant to the issues in this case. *See* Defs.' Reply at 5.

The Court is cognizant of the fact that "the mere length of an individual parties' [sic] list of potential witnesses is not of great significance" and that it is not to "merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum." *Microspherix*, 2012 WL 243764, at *3 (quoting *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)) (internal quotation marks omitted). And the Court notes that most of these witnesses are employees under the Defendants' control who could be compelled to testify wherever the litigation was held. That said, the Defendants have done as they are required and specified witnesses with actual knowledge relative to the issues in this case. Most of those witnesses currently reside in North Carolina; and a majority of those who live elsewhere live significantly closer to North Carolina than to Miami, such that it would be much more convenient for those witnesses if this litigation is held in North Carolina rather than in the Southern District of Florida. *See In re TS Tech U.S. Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.").

Although Filtalert named several potential witnesses who reside in Florida, many of those witnesses have declared to the Court that they have no actual knowledge relative to the issues in this case. Weighing the parties' submissions, the Court concludes that the convenience of the witnesses favors transfer.

5
Case 7:15-cv-00276-D   Document 60   Filed 12/29/15   Page 5 of 11

B.  *Location of Relevant Documents and Ease of Access to Sources of Proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). Filtalert seems to concede that the majority of relevant documents in this case is located in the Eastern District of North Carolina. *See* Pl.'s Opp'n at 21. However, given that the electronic storage and transfer of documents between litigants has become the norm, many courts find that the location of relevant documents should be given little weight in the transfer analysis. *See, e.g. Microspherix*, 2012 WL 243764, at *3 ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant."). This Court agrees with those courts and finds that this factor is neutral.

C.  *Convenience of Parties*

The Defendants have shown that conducting this litigation in the Eastern District of North Carolina would be more convenient to them: Lenovo is headquartered in that District and IBM has an established place of business there, as well. Filtalert makes four assertions that conducting the litigation in the Southern District of Florida would be more convenient for them: (1) this District is a speedy forum; (2) Filtalert's principal's "*only* business partner resides in Miami, Florida"; (3) both Filtalert and the Defendants sell their respective products here; and (4) Filtalert's counsel is located here. *See* Pl.'s Opp'n Ex. B ¶¶ 7, 9, 10-11. The Court must consider, however, that "[w]here a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.'" *Mason*, 146 F. Supp. 2d at 1361 (quoting *Eye Care Int'l v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000)).

A discussion of Filtalert's first assertion, whether this District is a speedy forum, is more appropriately addressed in a consideration of "trial efficiency and the interests of justice," *Manuel*, 430 F.3d at 1135 n.1, rather than the convenience of the parties. The assertion that both

6

Filtalert and the Defendants sell their products here does not weigh in favor of convenience: according to the Complaint, Filtalert's products "are sold through various outlets, including Filtalert's website www.purapc.com, and Amazon.com." Compl. ¶ 12. Because the products are available—and likely sold—throughout the United States, Filtalert has not provided the Court with anything to show why this District would be any more convenient than the many others in which its products are sold. And the Court need not address Filtalert's assertion that its counsel is located here because "convenience to counsel 'is generally not an appropriate consideration' in a 1404(a) transfer motion." *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007) (quoting *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)). What remains is the fact that Filtalert's principal's business partner is located here. Although Filtalert has not named this partner, has not described its partner's business, and has not described at all the relationship between them, the Court will assume, for purposes of argument, that this is a convenience factor favoring the Southern District of Florida as a venue.[1]

Filtalert argues that the Eastern District of North Carolina would be an *inconvenient* forum because its principal lives three-and-a-half hours from Raleigh, North Carolina, and because Lenovo and IBM are two "global behemoths" who have a "visible presence and influence in the Eastern District of North Carolina" such that the district would be "unfairly favorable to Defendants." Pl.'s Opp'n Ex. B ¶¶ 4, 8. Comparing the distance between Palmyra, Virginia, and Raleigh, North Carolina, and the distance between Palmyra, Virginia, and Miami, Florida, it is clear that it is not inconvenient for the Plaintiff to travel a shorter distance to the Eastern District

---

[1] Filtalert's position is akin to the one taken by the plaintiff in *Cellularvision*. There, the plaintiff, who was not headquartered in Florida, opposed the defendants' motion to transfer venue from this District to the Eastern District of Arkansas, without indicating in its opposition why this District would in any way be a convenient forum for it other than a statement that, because it made the decision to commence the action here, it "obviously found it convenient." 508 F. Supp. 2d at 1190. While the *Cellularvision* plaintiff provided nothing in support of the convenience of this District as a forum other than its own self-serving statement, here Filtalert does not proffer much more.

of North Carolina. The remainder of Filtalert's unfairness rationale is based purely on speculation, and Filtalert has provided nothing more than such speculation to support its assertion that the Eastern District of North Carolina would be "unfairly favorable" to the Defendants. This Court has the utmost confidence in its colleagues in the Eastern District of North Carolina and their ability to preside over the selection of a fair, unbiased, and impartial jury.

The Court finds it difficult to believe that Filtalert, a Virginia corporation with a principal who resides in Virginia, would be more inconvenienced by prosecuting this case in North Carolina rather than Florida, considering that Filtalert has very little connection to the Southern District of Florida. By contrast, the Defendants have shown it would be much more convenient for them to proceed where Lenovo is headquartered nationally and where IBM has an extensive base of operations. The convenience of the parties therefore weighs in favor of transfer.

D.  *Locus of Operative Facts/"Center of Gravity"*

"Several district courts have held that the 'center of gravity' for a patent infringement case is [the place] where the accused product was designed and developed." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (citations, internal quotation marks, and footnote omitted) (citing *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877, 2009 WL 455432, at *2-3 (S.D. Fla. Feb. 23, 2009)). "The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production. For that reason, district courts may disregard plaintiff's choice of forum in cases involving claims of patent infringement." *Trace-Wilco, Inc.*, 2009 WL 455432 at *2-3 (citations and internal quotation marks omitted). The Defendants state that the Accused Products were part of IBM's x86 server business, which was "located primarily at IBM's business operations in Research Triangle Park, North Carolina," and that "Lenovo now designs, develops, manufactures, markets, and sells the Accused products primarily in Morrisville, North Carolina." Defs.' Mot. at 3; *id.* Ex. C at ¶¶ 4, 6.

Based on the Defendants' proffer, the Court has no choice but to find that the center of gravity in this litigation is in North Carolina. This factor weighs in favor of transfer.

### E. *Availability of Process*

The parties appear to agree this factor is neutral because both neither district would have the power to compel identified non-party witnesses to appear at trial. *See* Defs.' Mot. at 13; Pl.'s Opp'n at 23. Therefore, it does not weigh against transfer to the Eastern District of North Carolina.

### F. *Relative Means of the Parties*

This factor at first appears to weigh in favor of retaining the action in the Southern District of Florida as IBM and Lenovo are large corporate entities and the Plaintiff is not. But while Filtalert states that its costs would increase were this case to be transferred because it would need to secure local counsel in North Carolina, it "does not claim it would be unable to bear the costs of litigation in the event of a transfer." *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1275 (S.D. Fla. 2014). Other than the increase in costs needed to secure local counsel, no party argues that it would be significantly financially impacted by a transfer in any way. *See Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1266 (S.D. Fla. 2013) ("This is not a case where Defendant is simply looking to shift the inconvenience onto the Plaintiff who lacks the means or ability to cope with it."). The Court acknowledges that the costs may not be identical should the case be transferred, but finds this factor only slightly supports a denial of transfer.

### G. *Forum's Familiarity with Governing Law*

The parties agree this factor is neutral because both courts would be analyzing federal patent law. *See* Defs.' Mot. at 14; Pl.'s Opp'n at 23. Therefore, it does not weigh against transfer to the Eastern District of North Carolina.

### H.  *Weight Accorded a Plaintiff's Choice of Forum*

The movant seeking a venue transfer has the burden to establish that a transfer is warranted, and a plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Elite Advantage LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)) (internal quotation marks omitted). However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision*, 508 F. Supp. 2d at 1189 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Furthermore, courts accord plaintiffs less deference "when the operative facts underlying the action occurred outside the district chosen by the plaintiff." *Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045, 2002 WL 1940724, at *3 (S.D. Fla. Aug. 13, 2002).

Plaintiff cites *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F. Supp. 2d 1355 (S.D. Fla. 2001), for the proposition that "[d]efendants moving for transfer have a heightened burden as they must prove with particularity the inconvenience caused by a plaintiff's choice of forum. Transfer can only be granted where the balance of convenience of the parties *strongly favors* the defendant." *Id.* at 1359 (citations and internal quotation marks omitted). This statement, while accurate, is inapposite. In *Mason*, the plaintiff was an individual who chose to sue in her forum of residence because of weak health and the court therefore found that her choice of forum should be afforded "considerable deference." As recounted throughout this Order, Filtalert is not suing in its home forum, so the level of deference discussed in *Mason* is not applicable here. And, as discussed above, the operative facts underlying this action occurred outside this District. Accordingly, the Court does not accord deference to Filtalert's forum choice, and this factor does not weigh against transfer to the Eastern District of North Carolina.

### I. *Trial Efficiency and the Interests of Justice*

Filtalert has provided a declaration that relies on the 2014 Report on Judicial Business of the U.S. Courts, which found that the median time to trial in this District is 16 months, as compared to 27 months in the Eastern District of North Carolina. *See* Talavera Decl. ¶ 21. The Defendants do not dispute that this District is a comparatively speedier district. This factor thus weighs against transfer.

### III. CONCLUSION

Upon consideration of the above Section 1404(a) analysis, this Court concludes that the private and public interest factors weigh in favor of transfer to the Eastern District of North Carolina. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Defendants' Motion [ECF No. 32] is **GRANTED**;

(2) all other motions are **DENIED AS MOOT**;

(3) this action is **TRANSFERRED** in its entirety to the United States District Court for the Eastern District of North Carolina; and

(4) the Clerk is directed to mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of December, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE